Newell **HAMMOND**, Plaintiff-Appellant,

v.

**UNITED PAPERMAKERS AND PAPER-WORKERS UNION, AFL–CIO, et al.,** Defendants-Appellees.

No. 71–1836.

United States Court of Appeals, Sixth Circuit.

June 14, 1972.

Thomas H. Schwarze, Detroit, Mich., Keller, Thoma, McManus, Toppin & Schwarze, Detroit, Mich., on brief; Lee Boothby, Niles, Mich., of counsel, for plaintiff-appellant.

Warren Woods, Washington, D. C., G. Philip Dietrich, Kalamazoo, Mich., Leonard Appel, Washington, D. C., on brief; Wilson, Woods & Villalon, Washington, D. C., Howard & Howard (Dietrich), Kalmazoo, Mich., of counsel, for defendants-appellees.

Before EDWARDS, PECK and Mc-CREE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Hammond appeals from a summary judgment entered in the United States District Court for the Western District of Michigan dismissing his complaint as a matter of law.

Hammond worked for the Watervliet Paper Company, which the Papermakers Union organized and from which it subsequently secured a union shop agreement. With all due notice and warning as to the provisions of the union shop agreement, Hammond declined to join the union because of his Seventh Day Adventist beliefs. He also declined (and does now) to pay the equivalent of the union dues, whether he joined the union or not, on the ground that it would represent "striving" in violation of his religious faith to support in any way any organization like the union.

He was thereupon discharged and several years later filed a suit for damages for his claimed wrongful discharge against both the union and the company.

█ It is clear, of course, that Congress has authorized union shop clauses (such as that under consideration here) as permissible, contractual provisions in a collective bargaining agreement between a union and management. *See*

29 U.S.C. § 158(a)(3) (1970), § 8(a)(3) of the National Labor Relations Act. Such legislation has been upheld by the United States Supreme Court in Railway Employees Department v. Hanson, 351 U.S. 225, 76 S.Ct. 714, 100 L.Ed. 1112 (1956).

Since appellant's discharge occurred before the enactment of the Equal Employment Opportunity Act, 42 U.S.C. § 2000e, *et seq.*, (1970), his reliance must be upon the terms of the First Amendment. In this regard the basic holding of *Hanson* becomes significant:

We only hold that the requirement for financial support of the collective-bargaining agency by all who receive the benefits of its work is within the power of Congress under the Commerce Clause and does not violate either the First or the Fifth Amendments. Railway Employees Department v. Hanson, *supra* at 238, 76 S.Ct. at 721.

█ The specific issue involved here pertaining to discharge of a Seventh Day Adventist for failure to join or pay the equivalent of dues to a union has been decided adversely to appellant by the First Circuit in Linscott v. Millers Falls Co., 440 F.2d 14 (1st Cir.), cert. denied, 404 U.S. 872, 92 S.Ct. 77, 30 L. F.2d 116 (1971), and by the Fifth Circuit in Gray v. Gulf, Mobile & Ohio R. R. Co., 429 F.2d 1064 (5th Cir. 1970), cert. denied, 400 U.S. 1001, 91 S.Ct. 461, 27 L.Ed.2d 451 (1971).

The District Judge who granted summary judgment gave sympathetic attention to appellant's complaint, but obviously felt constrained by decided law to rule against him.

For the reasons set forth above and further stated in the District Judge's opinion from the bench, we affirm the judgment of the District Court.